# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

CALVIN EUGENE BARNETT, )
                                      )
                 Petitioner, )
                                      )
vs. )   Case No. CIV-13-327-JHP-KEW
                                      )
ANITA TRAMMELL, )
                                      )
                 Respondent. )

## OPINION AND ORDER

This matter comes on for consideration of Respondent's Motion to Dismiss (Dkt. # 8). Respondent claims the petitioner's Petition for Habeas Corpus relief is barred by the statute of limitations contained within the Antiterrorism and Effective Death Penalty Act, "AEDPA," 28 U.S.C. § 2244(d). On September 210, 2013, the petitioner filed a response to the motion to dismiss.

Title 28 U.S.C. § 2244(d)(1) contains a 1-year period of limitation which runs from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The pleadings in this case indicate the petitioner was convicted following a non-jury trial of First Degree Murder in the District Court of Hughes County, Case No. CF-2007-49 and sentenced to Life without the Possibility of Parole. On September 13, 2010, the Oklahoma Court of Criminal Appeals (OCCA) affirmed his conviction (Dkt. # 9-1). Ninety days thereafter, on December 12, 2010, Petitioner's conviction became final. Petitioner's one year statutory period began the next day, on December 13, 2010. Without the benefit of tolling, Petitioner's one year statutory year ended on December 14, 2011.

Petitioner did file some pleadings subsequent to his direct appeal in the OCCA. Specifically, on December 20, 2010, Petitioner filed a motion for transcripts with the District Court of Hughes County (Dkt. # 9-2), and on February 8, 2011, an order was entered denying his motion (Dkt. # 9-3). Thereafter, on July 12, 2011, Petitioner filed a pleading styled as an Application for Post-Conviction Relief (Dkt. # 9-4). On September 2, 2011, post-conviction relief was denied (Dkt. # 9-5). On September 23, 2011, Petitioner filed an appeal in the OCCA. On December 30, 2011, the OCCA construed the appeal as a request for mandamus relief and denied the petitioner's request for transcripts. Even if this Court were to liberally construe the July 12, 2011 pleading as a pending post-conviction application which was not dismissed until December 30, 2011, Petitioner would have been required to file his federal habeas corpus petition no later than 171 days after December 14, 2011, or by June 2, 2012 which was a Saturday, thereby giving the petitioner until the following Monday,

2

June 4, 2012. Petitioner did not, however, file the current petition for writ of habeas corpus until July 23, 2013 (Dkt. # 1).

In his response to the motion to dismiss, petitioner seems to be asking this Court to equitably toll the statute of limitations because he did not know about the AEDPA time limitations. The AEDPA statute of limitations is subject to equitable tolling in cases where extraordinary circumstances outside of a prisoner's control lead to delay in filing. *See*, *Marsh v. Soares*, 223 F.3d 1217 (10th Cir. 2000). Equitable tolling will be appropriate, however, only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Id*., at 1220. Ignorance of the law generally will not excuse prompt filing, even for incarcerated *pro se* petitioners. *Id*., at 1220-21. Petitioner's ignorance of the law is not an appropriate justification to equitably toll the AEDPA statute of limitations. As a result, this Court finds the petitioner's current habeas corpus petition is untimely and should, therefore, be dismissed.

**ACCORDINGLY**, the respondent's Motion to Dismiss (Dkt. # 8) is hereby GRANTED, and this action is DISMISSED WITH PREJUDICE in its entirety. Further, in accordance with Rule 11 of the Rules Governing Section 2254 Cases, this Court hereby denies a certificate of appealability.

It is so ordered on this  17th  day of October, 2013.

James H. Payne
United States District Judge
Eastern District of Oklahoma

3